IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN CREAR, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-2255-M-BT |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant JPMorgan Chase Bank, N.A.'s ("Chase" or "Defendant") Rule 12(b)(6) motion to dismiss and motion for sanctions, as well as Plaintiff Steven Crear's motion for summary judgment and second motion to non-suit. For the reasons stated, the District Court should deny Plaintiff's motion to non-suit (ECF No. 13), grant Defendant's motion to dismiss (ECF No. 5), and dismiss Plaintiff's claims against it with prejudice. The District Court also should deny as moot Plaintiff's motion for summary judgment (ECF No. 26) and deny Defendant's motion for sanctions (ECF No. 16).

**Background**

This action arises out of foreclosure proceedings concerning Plaintiff's home on Gillarel Springs Lane, in Dallas, Texas (the "Property"). Mot. Br. 6 (ECF No. 6). On April 26, 2005, Plaintiff executed a Note (the "Note") and Deed of Trust (the "Deed of Trust"), securing repayment of the Note with the Property, in favor of Long Beach Mortgage Company (Long Beach Mortgage). *Id*.; Mot. App. 172-183 (ECF No. 7-1). After Plaintiff defaulted on the loan, Washington Mutual Bank, F.A. (Washington

1

Mutual) sent Plaintiff a Notice of Acceleration on February 9, 2009. Mot. Br. 6. Washington Mutual subsequently abandoned the Notice of Acceleration, and "due to several prior lawsuits filed by Plaintiff," the Property was not sold at a foreclosure sale until April 2, 2019. *Id.* On August 27, 2019, Plaintiff filed his Original Petition titled "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Wrongful Foreclosure Real or Personal Property," Ex. A 8 (ECF No. 1-1), seeking to rescind "the Substitute Trustee's Deed on the grounds that various documents filed in the Dallas County Property Records are fraudulent, invalid, and/or void." Mot. Br. 6.

This is Plaintiff's fifth lawsuit against Chase relating to the Property's foreclosure. *Id.* Plaintiff has also filed suit to prevent foreclosure of the Property against Select Portfolio Servicing, Inc. (SPS), the mortgage servicer at the time of foreclosure, Deutsche Bank National Trust Company (Deutsche Bank), and Long Beach Mortgage. *Id.* 6-7. Plaintiff previously challenged Chase's authority to foreclose, alleging assignments of the Note and Deed of Trust were invalid, and he asserted that he "tendered payment on the note 'by sending foreclosure counsel a copy of the letter,'" which "'Plaintiff intended . . . to be valued at $136,633.24—the required payoff amount—but the document was not legal tender.'" *Id.* 7 (citing *Crear v. JP Morgan Chase Bank N.A.*, 2011 WL 1129574, at *1 (5th Cir. March 28, 2011) (per curiam)). Plaintiff additionally brought claims for violations of the DTPA, Texas Property Code, Texas Business and Commerce Code, barratry, defamation, and negligence. *Id.* He also contended he was entitled to more than $65 million in damages for Chase's

2

"predecessor-in-interest's failure to respond to [Crear's 'Conditional Acceptance Administrative Procedure.']" *Id.*

Accordingly, Chase filed its motion to dismiss (ECF No. 5), arguing Plaintiff's claims are barred by res judicata. *Id.* 8. Plaintiff filed an untimely "Response" to Chase's motion, though it does not address any of the motion's arguments. Resp. (ECF No. 19). The Court, in its discretion, did not strike Plaintiff's Response and set a deadline for Chase to file a reply. Order (ECF No. 20); Reply (ECF No. 21). Thus, the deadline for Plaintiff to substantively respond to Chase's dismissal arguments has passed, and the motion is ripe for determination.

**Preliminary Matters**

Plaintiff filed a "Response" to Chase's motion; however, it is almost identical to his Original Petition. The only differences between the two documents are that in his Response, Plaintiff states "we are not attorneys skilled in legal matters to wit; Plaintiff Crear is certified disabled thru the State of Texas and non-suited the case on several occasions because the State of Texas would have appointed counsel to assist Plaintiff in these litigation matters, but due to duress, Mr. Crear is being forced to submit a response." Resp. 1. And Plaintiff refers to a "Washington Mutual Mortgage Payment Spreadsheet," and states "[t]he tendering of this payment was completed before thrift supervision forcibly closed Washington Mutual because of a series of inaccurate banking procedures." *Id.* 7. Plaintiff appears to contend he was forced to file a response to Chase's motion to dismiss because the Court did not effectuate his attempts to "non-suit[] the case on several occasions." *Id.* 1. Indeed, Plaintiff filed a second "Motion to Non-Suit," attempting to voluntarily dismiss his case under Federal

Rule of Civil Procedure 41(a)(1)(A)(i). Pl.'s 2d Mot. Non-Suit (ECF No. 13). But, as the Court instructed in its order stating Plaintiff's first motion to non-suit was moot with respect to Chase, because Chase had "already filed an answer, Plaintiff is not entitled to dismiss his claims against [Chase] without first obtaining [Chase's] consent or the Court's permission." Order (ECF No. 10) (citing Fed. R. Civ. P. 41(a)(1)(A) ("[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.")). Chase responded to Plaintiff's second motion to non-suit and indicated it opposes Plaintiff's motion. Mot. Non-Suit Resp. (ECF No. 14). Accordingly, Plaintiff's second motion to non-suit should be DENIED.

**Legal Standard**

When deciding a 12(b)(6) motion for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quotation marks and citation omitted). To survive Chase's motion to dismiss, therefore, Plaintiff's Original Petition must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662,

4

678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that Plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 556-57).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citing *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005)). Therefore, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9 (citing *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)); *see also* Fed. R. Evid. 201(b)(2) (permitting courts to judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Chase attached copies of the April 2, 2019 Substitute Trustee's Deed, the April 26, 2005 Deed of Trust, the January 23, 2009 Assignment

5

of Note and Deed of Trust, the March 20, 2018 Release of Lien, and the February 29, 2019 Quitclaim Deed, as well as filings, orders, and judgments from Plaintiff's previous lawsuits. Mot. App. Table of Contents (ECF No. 7); Mot. App. These documents may be judicially noticed because they are matters of public record and their contents cannot reasonably be disputed. *See Norris*, 500 F.3d at 461 n.9; Fed. R. Evid. 201(b)(2).

## Analysis

Chase argues Plaintiff's claims should be dismissed because: (1) res judicata bars Plaintiff from relitigating his claims; (2) limitations bars Plaintiff's claims that he fully tendered the amount due on the mortgage and that Chase failed to respond to a Qualified Written Request; (3) Plaintiff fails to state claims for filing a fraudulent lien, that Chase is not a holder in due course, and to quiet title; and, (4) because Plaintiff fails to state any claim, he is not entitled to declaratory relief. Mot. Br. 11-20. As stated, Plaintiff filed a Response, but it is nearly identical to his Original Petition and does not respond substantively to any of Chase's arguments. Because res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit," the Court addresses Chase's res-judicata argument first. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted).

Chase contends res judicata bars Plaintiff's claims because he "has filed multiple unsuccessful lawsuits relating to the Property and [Chase] and SPS, and [Deutsche Bank's] standing to foreclose." Mot. Br. 11. Res judicata is not expressly listed as a defense that may be raised in a Rule 12(b) motion; rather, Rule 8(c) includes

6

it as an affirmative defense. Fed. R. Civ. P. 8(c), 12(b); *Bradford v. Law Firm of Gauthier, Houghtaling & Williams, L.L.P.*, 696 F. App'x 691, 694 (5th Cir. 2017) (per curiam) (citing Fed. R. Civ. P. 8(c), 12(b)). But "when a successful affirmative defense appears on the face of the pleadings," and matters the court may judicially notice, "dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994) (citing *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)); *accord Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (per curiam) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."). Because res judicata is an affirmative defense, Chase bears the burden to plead and prove it. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008) ("Claim preclusion, like issue preclusion, is an affirmative defense. Ordinarily, it is incumbent on the defendant to plead and prove such a defense, and we have never recognized claim preclusion as an exception to that general rule." (citations omitted)).

"Claim preclusion, or *res judicata,* bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("*Res judicata* prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.")). A claim is precluded when: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the

7

merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571 (citation omitted). The Fifth Circuit uses the "transactional test" to determine whether two actions involve the same claim or cause of action. *Id.* (citation omitted). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or part of the transaction, or series of connected transactions, out of which the [original] action arose.'" *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 395-96). The facts making up a transaction are "determined pragmatically"; however, the critical issue is "whether the two actions are based on the same nucleus of operative facts." *Id.* (internal quotation marks and citation omitted).

The first element of res judicata requires the parties to be identical or in privity. *Hous. Pro. Towing Ass'n v. City of Hous.*, 812 F.3d 443, 447 (5th Cir. 2016) (quoting *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013)). Parties are identical or in privity when both parties to the current litigation were parties to the prior litigation or in privity with parties to the prior litigation. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1341 (5th Cir. 1996) (citing *Coal. of Cities for Affordable Util. Rates v. Pub. Util. Comm'n,* 798 S.W.2d 560, 563 (Tex. 1990)) (analyzing the elements of res judicata under Texas law, which are the same as the federal elements).[1] Plaintiff has filed at least three prior lawsuits involving identical parties or parties in privity with identical parties that preclude his present claims.

---

[1] While "federal courts . . . asked to give res judicata effect to a state court judgment . . . . must determine the preclusiveness of that state court judgment under the res

On December 29, 2009, Plaintiff filed a lawsuit in state court against Chase and other parties; Chase subsequently removed Plaintiff's action to this district. Removal Notice (ECF No. 1), *Crear v. Mortg. Elec. Registration Sys., Inc., et al.*, 3:10-cv-00463-N (N.D. Tex. Mar. 5, 2010). On February 11, 2011, Plaintiff filed another action in state court against Chase and other parties; Chase also removed that action to this district. Removal Notice (ECF No. 1), *Crear v. Wash. Mut. Bank, et al.*, 3:11-cv-565-K (N.D. Tex. Mar. 18, 2011). The District Court determined it lacked jurisdiction and remanded Plaintiff's 2011 action to the 162nd District Court of Dallas County, Texas. The state court later entered judgment.[2] FCR (ECF No. 20), *Crear*, 3:11-cv-565-K;

---

judicata principles of the state from which the judgment originates," *Jones*, 82 F.3d 1334, 1338 (5th Cir. 1996) (citations omitted), federal and Texas res-judicata principles are the same. *See Rivas v. U.S. Bank, N.A.*, 2019 WL 3892834, at *2 (S.D. Tex. July 29, 2019) (citing *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996) ("Under federal and Texas law, res judicata applies if: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions."), *adopted by* 2019 WL 3891908 (S.D. Tex. Aug. 16, 2019). Additionally, both federal and Texas law utilize a "transactional test" to "determine whether a subsequent action involves the same claim or cause of action. Under this test, '[a] prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose.'" *Id.* (citing *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571; *Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 631 (Tex. 1992)). Accordingly, the Court does not apply different principles to Plaintiff's February 11, 2011 lawsuit in which the 162nd District Court of Dallas County entered judgment on remand. Mot. App. 152; Judgment (ECF No. 24), *Crear v. Wash. Mut. Bank, et al.*, 3:11-cv-565-K (N.D. Tex. Sept. 27, 2011) (remanding case to the 162nd District Court of Dallas County, Texas).

[2] Plaintiff has filed two other lawsuits related to the Property's foreclosure against Chase and other parties in addition to the instant case and the cases mentioned above. *See* Removal Notice (ECF No. 1), *Crear v. Wash. Mut. Bank, et al.*, 3:10-cv-2149-K (N.D. Tex. Oct. 26, 2010); Removal Notice (ECF No. 1), *Crear v. Long Beach Bank Mortg., et al.*, 3:19-cv-1795-S-BT (N.D. Tex. July 29, 2019). The Court does not address these additional cases because Plaintiff voluntarily dismissed them. *See*

Judgment (ECF No. 24), *Crear*, 3:11-cv-565-K; Mot. App. 152 (162nd District Court's July 17, 2012 order granting Chase's motion for summary judgment). Both Plaintiff and Chase were parties to those two actions.

Additionally, Plaintiff filed suit against SPS and Deutsche Bank on December 12, 2016; SPS and Deutsche Bank also removed that action to this district. Ex. C-1 (ECF No. 1-3), *Crear v. Select Portfolio Servicing, et al.*, 3:17-cv-159-D (N.D. Tex. Jan. 18, 2017); Removal Notice (ECF No. 1), *Crear*, 3:17-cv-159-D. "Privity" with respect to res judicata, "is recognized as a broad concept, which requires [the Court] to look to the surrounding circumstances to determine whether claim preclusion is justified." *Russell v. SunAm. Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). In itself, "the term privity . . . does not state a reason for either including or excluding a person from the binding effect of a prior judgment, but rather it represents a legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion.*" Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977) (quoting Allan D. Vestal, *Preclusion/Res Judicata Variables: Parties*, 50 Iowa L. Rev. 27 (1964)). Chase assigned the Deed of Trust to Deutsche Bank on January 23, 2009. Mot. App. 185. And "servicing of the Loan was transferred from Chase to SPS on May 1, 2013." Mem. Op. & Order 3 (ECF No. 39), *Crear*, 3:17-cv-159-D. Because federal courts have deemed non-parties succeeding a party's interest in property and non-parties whose interests were adequately represented by an original party sufficiently close

---

Dismissal Notice (ECF No. 6), *Crear*, 3:10-cv-2149-K; Dismissal Notice (ECF No. 8), *Crear*, 3:19-cv-1795-S-BT.

relationships to be in privity with the original parties, the Court concludes Chase is in privity with SPS and Deutsche Bank. *See Sw. Airlines Co.*, 546 F.2d at 95 (citations omitted); *see also Davis v. Ocwen Loan Servicing LLC*, 2020 WL 1910137, at *5 (N.D. Tex. Jan. 27, 2020) (citing *Russell*, 962 F.2d at 1174) (finding mortgagee and servicer are in privity), *adopted by* 2020 WL 880855 (N.D. Tex. Feb. 24, 2020). Therefore, Plaintiff and parties with whom Chase is in privity were parties to Plaintiff's December 12, 2016 lawsuit. Accordingly, the first element is satisfied.

The second element of res judicata requires that a court of competent jurisdiction rendered the prior actions' judgments. *Comer*, 718 F.3d at 467 (citation omitted). Courts of competent jurisdiction rendered judgment in all three mentioned prior actions. The District Court had jurisdiction over Plaintiff's December 29, 2009, and December 12, 2016 cases. Judgment (ECF No. 33), *Crear*, 3:10-cv-00463-N; Judgment (ECF No. 40), *Crear*, 3:17-cv-159-D. And the 162nd District Court of Dallas County, which issued a judgment in *Crear*, 3:11-cv-565-K, on remand, had jurisdiction over Plaintiff's claims in that action. *See* Tex. Civ. Prac. & Rem Code § 15.011; Mot. App. 152 (162nd District Court's July 17, 2012 order granting Chase's motion for summary judgment). Accordingly, the second element is satisfied.

The third element of res judicata requires the prior actions to have been concluded by a final judgment on the merits. *Comer*, 718 F.3d at 467 (citation omitted). "Generally, a federal court's dismissal with prejudice is a final judgment on the merits for res judicata purposes." *Stevens v. Bank of Am., N.A.*, 587 F. App'x 130, 133 (5th Cir. 2014) (per curiam) (citing *Oreck Direct, LLC v. Dyson, Inc.,* 560 F.3d 398, 401 (5th Cir. 2009)). And "[f]ederal courts give a Texas state court judgment 'the

11

preclusive effect it would be given under Texas law.'" *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quoting *Ellis v. Amex Life Ins. Co.,* 211 F.3d 935, 937 (5th Cir. 2000)). All three prior actions concluded in final judgments on the merits.

In Plaintiff's December 29, 2009 lawsuit, Judge Godbey granted summary judgment in favor of Chase and dismissed with prejudice Plaintiff's claims against Chase. Judgment (ECF No. 33), *Crear*, 3:10-cv-00463-N. The Fifth Circuit affirmed summary judgment in favor of Chase. *Crear*, 2011 WL 1129574, at *5 (also dismissing for lack of jurisdiction Plaintiff's appeal of the District Court's dismissal without prejudice of improperly served defendants who had not appeared). In Plaintiff's February 11, 2011 lawsuit, the 162nd District Court of Dallas County granted Chase's "Traditional and No Evidence Motion for Summary Judgment" and entered an order "dispos[ing] of and constitut[ing] a final judgment of all claims against [Chase]." Mot. App. 152; Judgment (ECF No. 24), *Crear*, 3:11-cv-565-K (remanding case to the 162nd District Court of Dallas County, Texas). And in Plaintiff's December 12, 2016 lawsuit, Judge Fitzwater granted SPS and Deutsche Bank's motion for summary judgment and dismissed Plaintiff's lawsuit with prejudice. Mem. Op. & Order (ECF No. 39), *Crear*, 3:17-cv-159-D; Judgment (ECF No. 40), *Crear*, 3:17-cv-159-D. Accordingly, the third element is satisfied.

Last, the fourth element of res judicata requires the same claim or cause of action to have been involved in both the present and prior actions. *Comer*, 718 F.3d at 467 (citation omitted). But the claims asserted need not be identical—"[r]es judicata prevents litigation of all grounds for, or defenses to, recovery that were previously

available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown*, 442 U.S. at 131 (citations omitted). As stated, the Fifth Circuit applies the transactional test to determine "whether two suits involve the same claim or cause of action." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citing *Petro-Hunt, L.L.C.*, 365 F.3d at 395). This test examines whether "the two cases under consideration are based on 'the same nucleus of operative facts,' . . . rather than the type of relief requested, substantive theories advanced, or types of rights asserted." *Id.* (citing *In re Southmark Corp.*, 163 F.3d at 934; *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)); *accord Houston Pro. Towing Ass'n*, 812 F.3d at 447. Courts are to consider pragmatically which facts constitute a "transaction" or "series," "giving weight to . . . whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Houston Pro. Towing Ass'n*, 812 F.3d at 447 (quoting *Petro-Hunt, L.L.C.*, 365 F.3d at 396). "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Davenport*, 484 F.3d at 326 (internal quotation marks omitted) (citing *Petro-Hunt, L.L.C.*, 365 F.3d at 395). Plaintiff's claims in all three prior actions and the present action are based on the same nucleus of operative facts.

In his current action, Plaintiff seeks to rescind the foreclosure sale of the Property. Ex. A 14 (ECF No. 1-1). Plaintiff appears to assert he is entitled to that relief

13

because transfer of the Deed of Trust from Long Beach Mortgage to Washington Mutual was allegedly not properly recorded, and the subsequent "transfer to [Chase] was illegal"; "[b]ecause the instrument purporting to convey the note and deed of trust to Defendants is void, [Chase] has no interesting in the said deed of trust or property";[3] he already tendered $112,086.80, the full balance on his account, to Washington Mutual, but the FDIC illegally transferred and lost his payment; and Plaintiff provided Chase "Constructive Notice . . . of [his] debt being tendered in full," by filing a "Quick Claim Deed on February 25, 2009," a "Qualified Written Request . . . on October 26, 2010" for documents Chase allegedly did not provide, and another "instrument" with the "County Clerk Office" on November 18, 2010. *Id*. 10-13. Chase characterizes Plaintiff's suit as challenging: "(1) the Appointment of Substitute Trustee; (2) the Substitute Trustee's Deed; (3) a Long Beach Mortgage Company Certificate of Assistant Secretary (which merely states [Washington Mutual] was the sole shareholder of Long Beach Mortgage Company in 2005) (4) 'the instrument purporting to convey the note and deed of trust to Defendants'; (5) the 2008 Affidavit of the Federal Deposit Insurance Corporation; and (6) an allegedly 'fraudulent release of lien.'" Mot. Br. 14.

All three prior lawsuits concerned the Property. In Plaintiff's December 29, 2009 lawsuit, he alleged that Defendants refused to provide him "request[ed] documents to verify the debt and note holder"; "Defendants . . . failed to give proper notice because all transfers of the lien were not recorded timely as required by Texas

---

[3] Plaintiff appears to characterize Chase's interest in the Property as a "fraudulent lien." Ex. A 10-11 (ECF No. 1-1).

Law"; the deed of trust was invalid; and "Defendants['] . . . actions to collect on . . . [the] Note . . . [were] . . . Fraudulent." Mot. App. 4, 9; Ex. C-2 3, 8 (ECF No. 1-4), *Crear*, 3:10-cv-00463-N. As a result, Plaintiff requested the Court "restrain The Defendants from executing the Suit for Eviction/Forcible Detainer." Mot. App. 11; Ex. C-2 10 (ECF No. 1-4), *Crear*, 3:10-cv-00463-N.

In Plaintiff's February 11, 2011 lawsuit, he requested the Court "declare defendant is not entitled to enforce the Note, and permanently enjoin it from taking any action to do so." Mot. App. 106.[4] Plaintiff asserted he was entitled to this relief because "the purported assignment of the Note to Plaintiff's subject property was insufficient to transfer possession of the Note to [Chase] or make [Chase] the holder of the Note"; and the "Note and Deed of Trust" were improperly assigned from Long Beach Mortgage to Washington Mutual, and Washington Mutual's subsequent assignment to Chase is void. *Id.* 105-106

In Plaintiff's December 12, 2016 lawsuit, he pleaded that "[o]n November 23, 2016, more than 4 years after balance due under the note was accelerated, Defendants notified Plaintiff of a foreclosure sale scheduled for January 3, 2017." Ex. C-1 4 (ECF No. 1-3), *Crear*, 3:17-cv-159-D. As a result, Plaintiff requested the Court "declare Defendant [sic] have no interest in the property at issue because their claims are barred by the four-year statute of limitation." *Id.* 9. Additionally, Plaintiff sought a temporary restraining order, temporary injunction, and permanent injunction,

---

[4] After the Court remanded *Crear*, 3:11-cv-565-K, to the 162nd District Court of Dallas County, Plaintiff filed his "First Amended Complaint." Mot. App. 102. The Court refers solely to Chase's appendix to its motion to dismiss to reference that First Amended Complaint because that pleading was not filed in this Court.

15

preventing "Defendants from selling [the] property," as well as various discovery. *Id*. 5-8.

The Court finds Plaintiff's claims in these three prior lawsuits are based on the same nucleus of operative facts as Plaintiff's claims in the present lawsuit. Plaintiff seeks essentially the same relief in all three prior lawsuits—to halt foreclosure proceedings on the Property. In the present case, Plaintiff challenges the same assignments as invalid, documents as improperly recorded, and attempts to collect as fraudulent, as he did in his previous lawsuits. The present case only differs in that the foreclosure sale has now occurred. Because Plaintiff's claims in the prior lawsuits and the present suit are based on the same nucleus of operative facts, Plaintiff could have brought the claims he now brings in any of his previous lawsuits. *See Petro-Hunt, L.L.C.*, 365 F.3d at 395 (citations omitted) ("Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."). Accordingly, Plaintiff's present lawsuit concerns the same claims as his previous lawsuits, and the fourth element is satisfied.

Res judicata bars Plaintiff's claims in this lawsuit because Plaintiff has filed at least three previous lawsuits involving identical parties, or parties with whom Chase is in privity, that resulted in a final judgment on the merits, rendered by a court of competent jurisdiction, concerning the same claims. *See Test Masters Educ. Servs., Inc.*, 428 F.3d at 571 (citation omitted). And because res judicata bars Plaintiff's claims, Chase is entitled to dismissal. Therefore, the Court pretermits consideration of Chase's remaining dismissal arguments.

**Sanctions**

Chase also filed a "Motion to Label Plaintiff a Vexatious Litigant and for Sanctions," requesting the Court "label Plaintiff Steven Crear a vexatious litigant and . . . sanction him by entering an injunction preventing him from filing additional suits in this district against [Chase] and its predecessors in interest relating to the property at issue in this suit." Mot. Sanctions 1 (ECF No. 16). Plaintiff did not respond to Chase's motion for sanctions.

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (per curiam) (citing *Roadway Express, Inc., v. Piper,* 447 U.S. 752, 764 (1980)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* (citing *Roadway Express*, *Inc.*, 447 U.S. at 766; *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). A court may impose a prefiling sanction on a vexatious litigant, if the following factors weigh in favor of doing so:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the

17

> party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 818 (4th Cir. 2004)).

This is Plaintiff's sixth lawsuit challenging foreclosure proceedings related to the Property. Plaintiff voluntarily dismissed two of his five previous lawsuits, *see Crear*, 3:10-cv-2149-K and *Crear*, 3:19-cv-1795-S-BT, and the Court granted Chase or another defendant's dispositive motion in the remaining three, *see Crear*, 3:10-cv-00463-N, *Crear*, 3:11-cv-565-K, and *Crear*, 3:17-cv-159-D. Plaintiff's claims lack merit, and the Court finds his lawsuits duplicative, harassing, and burdensome to the Court and the parties who must defend against them. However, because Plaintiff has not previously been warned, the District Court should deny Chase's motion for sanctions and warn Plaintiff that he could be subject to sanctions, including monetary sanctions and an injunction preventing him from filing additional lawsuits relating to the Property, if he persists in filing duplicative and vexatious lawsuits.

## Recommendation

The District Court should GRANT Defendant's motion to dismiss (ECF No. 5) on res judicata grounds and DISMISS Plaintiff's claims against it with prejudice. Further, the District Court should DENY Plaintiff's motion to non-suit (ECF No. 13) and Defendant's motion for sanctions (ECF No. 16) and WARN Plaintiff that he could be subject to additional sanctions if he persists in filing duplicative and vexatious lawsuits. Last, because granting Defendant's motion to dismiss disposes of all of

Plaintiff's claims with prejudice, the District Court should DENY as moot Plaintiff's motion for summary judgment (ECF No. 26).

**SO RECOMMENDED.**

September 3, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).